UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:23-CR-593-RWS-JSD |
| STURGEON STEWART, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

All pretrial matters have been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b). Currently before the Court is Defendant Sturgeon Stewart's Motion to Retain Second Appointed Counsel ("Motion to Retain").[1] [ECF No. 44]

## Background

Count I of the Indictment here essentially alleges that Defendant, while aiding and abetting others, interfered with commerce through robbery. Count II alleges that he, while aiding and abetting others, possessed one or more firearms in furtherance of the commission of the robbery charged in Count I, and in the course of committing that crime killed Roy Griffin. Count III alleges that he committed the offense of felon in possession of a firearm. Remarkably, Count II carries a possible sentence of death. Consequently, on November 16, 2023, Defendant, who was already represented at the time by Assistant Federal Public Defender Kevin Curran, filed a motion to retain appointed counsel. [ECF No. 20] On November 17, 2023, the Court granted the motion and entered his order appointing attorney Levell D. Littleton (Littleton") under the Criminal Justice Act

---

[1] Relatedly, also currently pending are Defendant's successive *ex parte* budget motions filed under seal. [ECF Nos. 37, 38, 39] The Court will address those motions in a separate order filed under seal.

("CJA"). [ECF No. 21]

Given the nature of the prosecution, including the type of the offenses and the volume and nature of the discovery, the government filed its Motion for Complex Case Finding and to Continue Trial Date Beyond Limits Set by the Speedy Trial Act [ECF No. 18], which the Court granted on November 21, 2023, without objection from Defendant. [ECF No. 24] Nevertheless, on April 18, 2024, the government filed its Notice of Intent Not to Seek the Death Penalty ("Notice"). [ECF No. 36] Defendant filed the instant Motion to Retain on May 3, 2024. [ECF No. 44]

## Discussion

Citing the Guide to Judiciary Policy, Chapter 6, § 630.30, Defendant asks the Court to maintain the appointment of two (2) attorneys in this case. Principally, he contends that maintaining two attorneys will avoid disruption of the proceedings, that the government's decision not to seek the death penalty occurred late in the litigation, and that the case is complex. This Court agrees.

In deciding a Motion to Retain, the Court must conduct its analysis pursuant to the Guide to Judiciary Policy, Chapter 6, § 630.30, which addresses "Death Eligible Cases Where Death Penalty is Not Sought." § 630.30 explains that, when "it is determined that the death penalty will not be sought, the court should consider the questions of the number of counsel and the rate of compensation needed for the duration of the proceeding." § 630.30.10. Absent extenuating circumstances, the Court should make an appropriate reduction in the number of counsel and reduce the compensation rate. §§ 630.30.20(a), 630.30.30(a).  In deciding whether there are "extenuating circumstances" relating to the number of counsel, the Court should consider the following factors:

(1) the need to avoid disruption of the proceedings;
(2) whether the decision not to seek the death penalty occurred late in the litigation;

> (3) whether the case is unusually complex; and
> (4) any other factors that would interfere with the need to ensure effective representation of the defendant.

§ 630.30.20(b).

Based on its analysis of these factors under § 630.30, the Court finds that extenuating circumstances exist requiring two (2) attorneys to remain as counsel for Defendant. First, keeping two (2) attorneys would help ensure that there are no disruptions of the proceedings. Littleton has been involved with Curran as counsel since November of 2023. This is obviously a significant period of time during which they have communicated with Defendant and built their relationship with him in defending him against these serious charges.

Second, this case has been pending since October of 2023. Again, Littleton entered his appearance in November of 2023. The government's decision not to seek the death penalty after approximately seven (7) months is somewhat late in this litigation. Counsel, and Littleton specifically, have purportedly communicated with Defendant and have already developed a relationship with him. Removing Littleton at this late, critical stage would damage the rapport counsel have created to effectively prepare for this case.

Third, this case is complex. This Court has already made that finding. Indeed, prior to the government's filing of its Notice [ECF No. 36], this case was exceptionally complex in terms of the nature of the charges, the possibility of severe penalties, and the volume and complexity of the discovery, evidence, and evidentiary issues. Although the government now may not be seeking the death penalty, the discovery remains voluminous and complex. Defendant still faces a life sentence. More to it, the government's primary evidence apparently is circumstantial, and the charged offenses occurred almost four (4) years ago. There is purportedly also DNA evidence and phone records that need to be reviewed. The defense of this case certainly requires the contribution

3

of more than one attorney. The CJA guidelines and other cases in this district bear out that continuity and consistency of counsel in serious cases like this is crucial. *See* Guide to Judiciary Policy, Chapter 2, § 230.53.20*; see also United States v. Freeman Whitfield,* 4:21CR324 MTS (second counsel retained despite government announcement that it was not seeking death); *United States v. Terrance Wilson,* 4:15CR00441 CDP/MTS (second counsel retained despite government announcement that it was not seeking death).

## Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Sturgeon Stewart's Motion to Retain Second Appointed Counsel ("Motion") [ECF No. 44] is GRANTED, and that attorney Levell D. Littleton shall remain as appointed counsel for Defendant.[2]

                                                                                                                     _____
                                                                                                                       **JOSEPH S. DUEKER**
                                                                                                                       **UNITED STATES MAGISTRATE JUDGE**

Dated this 22nd day of May, 2024.

---

[2] The Court consulted with Mark Thomason, Case Budgeting Attorney, who concurred in the Court's finding herein and recommended retaining second counsel at a prospective hourly rate as set forth in a sealed separate order addressing Defendant's successive *ex parte* budget motions. [ECF Nos. 37, 38, 39]