UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:23 CR 593 RSW/JSD ) |
| STURGEON STEWART, | ) ) |
| Defendant. | ) ) |

**MEMORANDUM AND ORDER ON MOTION
FOR RECONSIDERATION OF DENIAL OF
DEFENDANT'S REQUEST FOR A
HEARING PURSUANT TO *FRANKS V. DELAWARE***

Currently before the Court is Defendant Sturgeon Stewart's ("Defendant" or "Stewart") Motion for Reconsideration of Denial of Defendant's Request for a Hearing Pursuant to *Franks v. Delaware* ("Motion to Reconsider"). [ECF No. 114] The United States of America ("government") objects to the motion. [ECF No. 115] For the reasons set forth below, the undersigned GRANTS, in part, the Motion to Reconsider. However, as will be more fully outlined in its final Report and Recommendation relating to all pretrial motions, after reconsidering its denial of his request for a *Franks* hearing, the Court DENIES Stewart's Request for said *Franks* hearing.[1] [ECF No. 68]

Here, Stewart is charged with robbery in Count I; possessing a firearm in furtherance of a robbery resulting in death in Count II; and felon in possession of a firearm in Count III. [ECF No. 1] On September 3, 2024, through previous counsel, he filed a request for a *Franks* hearing as part of his Motion to Suppress Evidence. [ECF No. 68] The government filed its response in opposition

---

[1] The Court enters this order here, as well as its order denying the *Franks* hearing request, so that the parties may fully address the issue in their post-hearing briefs.

1

on September 17, 2024, [ECF No. 74] and Stewart filed his reply on September 27, 2024 [ECF No. 80]. That same day, following a hearing on the *Franks* request, the Court denied the request and advised that the denial would be included in the final Report and Recommendation with other pretrial motions. [ECF No. 81] On May 12, 2025, Stewart's current counsel filed the instant Motion to Reconsider requesting, among other things, the opportunity "to briefly question the search warrant affiant in this matter and determine if his statements were in fact false as Defendant contends." [ECF No. 114]

In *Franks*, the Supreme Court held that a defendant in a criminal proceeding may challenge the truthfulness of statements in a search warrant. *See Franks*, 438 U.S at 155-156. To be entitled to a *Franks* hearing, a "defendant must make a substantial preliminary showing of a false or reckless statement or omission and must also show that the alleged false statement or omission was necessary to the probable cause determination." *United States v. Crissler*, 539 F.3d 831, 833-34 (8th Cir. 2008) (internal citations and quotations omitted); *see United States v. Mashek*, 606 F.3d 922, 928 (8th Cir. 2010). More to it, a *Franks* hearing may be obtained only when the affiant, knowingly and intentionally, or with reckless disregard for the truth, made a false statement, and if the "false material" is removed, the affidavit no longer establishes probable cause. *See Franks*, 438 U.S. at 155-56. Recently, the Eighth Circuit confirmed that a movant's allegations "must be accompanied by an offer of proof." *Unites States v. Kucharo*, 127 F.4th 1152 (8th Cir. 2025) (quoting *Franks*, 438 U.S. at 155). In that context, a district court has discretion to hold a "*pre-Franks*" hearing where a movant may "supplement or elaborate on the original motion." *See United States v. McMurtrey*, 704 F.3d 502, 504 (7th Cir. 2013). Nevertheless, a court need not hold a pre-*Franks* hearing if the movant has failed to make the required substantial preliminary showing. *Id*.

2

Over the government's objection, and although the Court had previously found that Stewart had failed to make the required substantial preliminary showing, [ECF No. 80] the Court exercised its discretion and granted the Motion to Reconsider, in part, and allowed Stewart, as part of his offer of proof, to supplement the original motion with a pre-*Franks* hearing. At that hearing, which the Court conducted during the evidentiary hearing on Stewart's Motion to Suppress, Stewart presented the testimony of affiant Detective Steven Stromeyer of the Metropolitan St. Louis Police Department. Stewart also offered, as Defendant's Exhibit A, a copy of the Affidavit of the Search Warrant [ECF Nos. 74-2, 125]. After considering this evidence in his offer of proof at the pre-*Franks* hearing, as well as the previous oral argument and written motions, the Court finds that Stewart has failed to make the substantial preliminary showing as required. As such, the Court denies Stewart's request for a *Franks* hearing and will make a further finding of denial in its Report and Recommendation along with all other recommendations related to the remaining pre-trial motions.

Accordingly,

**THE COURT ORDERS** that Defendant Sturgeon Stewart's Motion for Reconsideration of Denial of Defendant's Request for a Hearing Pursuant to *Franks v. Delaware* is GRANTED, but, as will be more fully outlined in its final Report and Recommendation relating to all pretrial motions, the Court DENIES Stewart's Request for *Franks* hearing.

JOSEPH S. DUEKER
UNITED STATES MAGISTRATE JUDGE

Dated this 21st day of July, 2025.