UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:23-CR-593 MAL-JSD |
| ) | |
| STURGEON STEWART, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Sturgeon Stewart's Motion for New Counsel (ECF No. 141). For the reasons set forth herein, the Court denies the Motion.

**STANDARD OF REVIEW**

A motion for appointment of substitute counsel is committed to the court's sound discretion. *United States v. Taylor*, 652 F.3d 905, 908 (8th Cir. 2011); *United States v. Webster,* 84 F.3d 1056, 1062 (8th Cir.1996). To prevail on a request for substitution of counsel, Mr. Stewart must show "justifiable dissatisfaction" with his attorney, which "can arise from irreconcilable conflict, a complete breakdown in communication, or any other factor interfering significantly with an attorney's ability to provide zealous representation." *United States v. Taylor*, 652 F.3d 905, 908 (8th Cir. 2011); *United States v. Boone,* 437 F.3d 829, 839 (8th Cir. 2006). Given the importance of the attorney-client relationship, "[t]he court must conduct an adequate inquiry into the nature and extent of an alleged breakdown in attorney-client communications." *United States v. Barrow*, 287 F.3d 733, 738 (8th Cir. 2002). "The focus of the justifiable dissatisfaction inquiry is the adequacy of counsel in the adversarial process, not the accused's relationship with his attorney." *Id.* (citing *Wheat v. United States,* 486 U.S. 153, 159

1

(1988)). It is well established, however, that a defendant does not get to pick and choose his counsel and that the right to counsel "does not include the right to a meaningful relationship between an accused and his counsel." *United States v. Swinney*, 970 F.2d 494, 499 (8th Cir. 1992). "Thus, frustration with appointed counsel's performance or disagreement with counsel's tactical decisions is not justifiable dissatisfaction." *Taylor*, 652 F.3d at 908. "The proper focus in evaluating claims of dissatisfaction with counsel is on the quality of advocacy." *United States v. Exson,* 328 F.3d 456, 460 (8th Cir.) (citation omitted). A defendant may not seek new counsel in an attempt to manipulate the court into appointing new counsel, delay resolution of the case, or to create an issue to litigate on appeal. *See United States v. Borders*, No. 4:12–CR–0386–01–DGK, 2014 WL 12700621, *1 (W.D. Mo. 2014).

**DISCUSSION**

On October 25, 2023, Mr. Stewart was charged by Indictment with interference with commerce by robbery (Count 1), possession of one or more firearms in furtherance of the commission of a crime of violence, resulting in death (Count 2), and being a felon in possession of a firearm (Count 3). He was arraigned on October 30, 2023, and was represented by a federal public defender. (ECF Nos. 10, 22) Mr. Stewart was ordered detained pending trial. (ECF No. 19) On November 17, 2023, the Court appointed second counsel, from the CJA panel, to represent Mr. Stewart because he was charged with a death-eligible offense. (ECF No. 21). On April 18, 2024, the government filed a notice that it would not seek the death penalty in this action. (ECF No. 36) On June 20, 2024, the Court granted Mr. Stewart's request to have the federal public defender removed from his case. (ECF Nos. 48, 54) Mr. Stewart's CJA counsel remained on the case. On December 19, 2024, after he filed another motion, the Court granted

Mr. Stewart's request for new CJA counsel. (ECF No. 96, 97) On December 23, 2024, the Court appointed the current CJA counsel. (ECF No. 99)

Since his appointment last year, current counsel has engaged in discovery, filed pretrial motions, argued those motions before the Court, and filed supplemental briefing. Indeed, it was only after this Court issued its Report and Recommendations (ECF No. 140) on November 13, 2025, recommending denial of the pretrial motions, that Mr. Stewart expressed any dissatisfaction with his counsel. That is, on November 21, 2025, Mr. Stewart first asked for this Court to remove his current counsel. (ECF No. 141)

In his Motion, Mr. Stewart complains that his counsel "does not keep me reasonably informed about my case; does not promptly comply with reasonable requests for information; nor has he explained the matter to the extent reasonably necessary to permit me to make informed decisions regarding the representation." (ECF No. 141 at 2) Mr. Stewart argues that his counsel has shared his confidential statements, waived and/or forfeited his rights to file pretrial motions, and has refused to bring his meritorious claims and contentions before the court. *Id*.

On December 11, 2025, the Court held an in-person hearing on Mr. Stewart's Motion, with Mr. Stewart and his counsel present. During the hearing, Mr. Stewart was able to provide only a few examples of specific complaints as to his counsel. Mr. Stewart contends that his counsel refused to file motions regarding prosecutorial misconduct as to tampering with evidence and police. Further, Mr. Stewart claims that he had not received discovery regarding DNA evidence.

In response, counsel explained that he could not file Mr. Stewart's requested prosecutorial misconduct motions because they lacked a legal or factual basis. *See United States v. O'Laughlin*, No. 15-03419-CV-S-BP, 2021 WL 781678, at *2 (W.D. Mo. Mar.

3

1, 2021) ("Necessarily, it follows that the decision whether to file such a motion is to be made by counsel, and counsel should not file any motion if he believes it lacks merit or would be frivolous."); *Polk Cty. v. Dodson*, 454 U.S. 312, 323 (1981) ("Although a defense attorney has a duty to advance all colorable claims and defenses, the canons of professional ethics impose limits on permissible advocacy. It is the obligation of any lawyer—whether privately retained or publicly appointed—not to clog the courts with frivolous motions or appeals.). Further, defense counsel and counsel for the government agreed to look into the DNA evidence. Counsel later notified the Court that it had been provided with a copy of the search warrant and affidavit for Mr. Stewart's automobile and a copy of a search warrant and affidavit for Mr. Stewart's DNA evidence. (ECF No. 155) Thereafter, counsel filed Defendant's Motion to Suppress DNA Evidence and Request to Incorporate Arguments Previously Submitted in ECF Docs. 68, 80, 114, 134, 138 & 143. (ECF No. 157) Defense counsel has provided the discovery to Mr. Stewart.

Thus, after going through his list of complaints, the Court cannot not identify anything that Mr. Stewart's counsel has done that was contrary to his wishes or detrimental to his case. Likewise, Mr. Stewart has not identified anything he asked his counsel to do or file that was not done, other than filing baseless legal motions. After careful review of the record, the Court finds that Mr. Stewart has not shown that his attorney was unprepared, was unable or unwilling to continue representing him, or had failed to take actions on Mr. Stewart's behalf that would cause "justifiable dissatisfaction" with the quality of his advocacy. The Court finds that Mr. Stewart has not demonstrated any deficiency in appointed counsel's representation, nor was there any total breakdown in communication. *See United States v. Barrow*, 287 F.3d 733, 737 (8th Cir. 2002). Indeed, defense counsel stated he held no ill-will towards Mr. Stewart and believed that their relationship was reconcilable.  The Court, therefore, denies Mr. Stewart's Motion.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Sturgeon Stewart's Motion for New Counsel (ECF No. 141) be **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall mail a copy of this Order to Defendant.

**IT IS FINALLY ORDERED** that the Court's Memorandum and Order (ECF No. 160), dated December 22, 2025, is **VACATED**.

Dated this 8th day of January, 2026.

_____
**JOSEPH S. DUEKER**
**UNITED STATES MAGISTRATE JUDGE**