# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

UNITED STATES OF AMERICA,

v.

STURGEON STEWART,

     *Defendant.*

No. 4:23-cr-593-MAL

## ORDER ADOPTING REPORTS AND RECOMMENDATIONS

Defendant Sturgeon Stewart is charged with robbery, murder, and being a felon in possession. Doc. 1. Through counsel,[1] he has filed several pretrial motions that are now pending before the Court: (1) Motion to Suppress Evidence and Request for *Franks* Hearing, Doc. 68; (2) Motion to Suppress DNA Evidence, Doc. 157; (3) Motion to Suppress Statements, Doc. 63; (4) Motion for Disclosure Pursuant to Rules 404(b) and 609 of the Federal Rules of Evidence, Doc. 64; (5) Motion for Early Disclosure of Jencks Act Materials, Doc. 69; (6) Motion to Dismiss for Undue Delay, Doc. 66; (7) Motion to Dismiss Count III, Doc. 67; (7) Motion to Dismiss Indictment on the Grounds of Vindictive Prosecution, Doc. 119.

Under 28 U.S.C. § 636(b), these motions were referred to the magistrate judge[2] who issued reports and recommendations recommending that each motion be denied. Docs. 140, 172. Stewart filed objections to the magistrate judge's reports and recommendations. Docs. 143, 176. Because Stewart objects, the Court "shall make a

---

[1] Stewart himself has filed several *pro se* motions (and correspondence asking for relief) with the Court despite being represented by well qualified counsel. The Court will not entertain these motions and will direct them to be stricken from the record. *See United States v. Maxwell*, 778 F.3d 719, 738 (8th Cir. 2015) ("There is no constitutional or statutory right to simultaneously proceed pro se and with benefit of counsel.") (quotation omitted); *United States v. Pate*, 754 F.3d 550, 553 (8th Cir. 2014) ("a district court has no obligation to entertain pro se motions filed by a represented party") (cleaned up).

[2] United States Magistrate Judge Joseph S. Dueker.

1

de novo determination of those portions of the report or specified proposed finding or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

After *de novo* review, including careful consideration of all briefing and a thorough review of the evidentiary hearing held before the magistrate judge, the Court finds that the magistrate judge's conclusions are correct. Stewart's objections are not persuasive. The Court **DENIES** all of Stewart's pending motions and **accepts**, **adopts**, and **incorporates** the magistrate judge's report and recommendation, Doc. 140, and the magistrate judge's supplemental report and recommendation, Doc. 172, in full.

**IT IS HEREBY ORDERED** that Stewart's Motion to Suppress Evidence and Request for Franks Hearing, Doc. 68; Motion to Suppress DNA Evidence, Doc. 157; Motion to Suppress Statements, Doc. 63; Motion for Disclosure Pursuant to Rules 404(b) and 609 of the Federal Rules of Evidence, Doc. 64; Motion for Early Disclosure of Jencks Act Materials, Doc. 69; Motion to Dismiss for Undue Delay, Doc. 66; Motion to Dismiss Count III, Doc. 67; and Motion to Dismiss Indictment on the Grounds of Vindictive Prosecution, Doc. 119; are **DENIED.**

**IT IS FURTHER ORDERED** that Stewart's *pro se* motions (including his correspondence requesting relief) shall be **stricken** from the record. The Clerk of Court is directed to strike the following docket entries from the record: Docs. 29, 99, 102, 105, 110, 146, 142, 149, 150, 153, 154, 158, 159, 161, 162, 165, 168, 169, 174, 175, 178, 180, 181, 182, 183, and 184.

**SO ORDERED,**

This 18th day of March, 2026.

MARIA A. LANAHAN
UNITED STATES DISTRICT JUDGE

2